UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH T. FALL, JR. and MATTHEW P. JOHNSON | CIVIL ACTION NO. 07-2991 |
| VERSUS | SECTION: "L"<br>JUDGE FALLON |
| NOVOSHIP (UK) LTD., CANYON MARITIME CORP., MID-GULF SHIPPING CO., INC., ASSURANCEFORENINGEN GARD, and M/V MOSCOW RIVER | DIVISION: (4)<br>MAGISTRATE JUDGE ROBY |

**ANSWER**

NOW INTO COURT, through undersigned counsel, come Novoship (UK) Ltd., Canyon Maritime Corp., and Assuranceforeningen Gard, and for answer to the complaint of Joseph T. Hall, Jr. and Matthew P. Johnson, with respect represent:

**FIRST DEFENSE**

The complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

The plaintiffs have no right of action to bring the claims asserted in the complaint.

**THIRD DEFENSE**

This Honorable Court lacks jurisdiction over the person of defendants.

1

### FOURTH DEFENSE

There is an insufficiency of process along with an insufficiency in the service of process whereby the court has not gained jurisdiction.

### FIFTH DEFENSE

The complaint has joined parties whose joinder represents an improper joinder of parties.

### SIXTH DEFENSE

The complaint is prescribed by statute and/or by the passage of time, and/or plaintiffs are guilty of inexcusable delay, which delay has prejudiced the rights of defendants and has therefore before been guilty of laches, for which reason there can be no recovery in the instant suit.

### SEVENTH DEFENSE

The claim is barred by the provisions of the Longshore and Harbor Workers' Compensation Act .

### EIGHTH DEFENSE

And now, answering the specific allegations of the complaint,

1. The allegations of Article 1 of the complaint are denied except to admit that Novoship (UK) Ltd., Canyon Maritime Corp., and Assuranceforeningen Gard are entities with their place of formation, incorporation, domicile and principal place of business outside the state of Louisiana and that they are not registered to do business in the State of Louisiana,

2. The allegations of Article 2 of the complaint are denied except to admit that on or about April 30, 2004, the MV MOSCOW RIVER was engaged in a mooring

2

        operation at the Ergon St. James dock in the parish of St. James, Louisiana, and that during that mooring operation one of the mooring lines parted.

3. The allegations of Article 3 are denied for lack of specific information upon which to justify a belief as to their truth or falsity.

4. The allegations of Article 4 are admitted.

5. The allegations of Article 5 are denied except to admit that the allegations bring this matter within the admiralty jurisdiction of this Court pursuant to general maritime law.

6. The allegations of Article 6 are denied except to admit that the MV MOSCOW RIVER was at all material times owned by Canyon Maritime Corp.

7. The allegations of Article 7 of the complaint are denied.

8. The allegations of article 9 are denied. Assuranceforeningen GARD admits that the MV MOSCOW RIVER was entered with the Association for protection and indemnity cover pursuant to terms of entry and the rules of the Association.

9. The allegations of article 9 are denied

10. The allegations of article 10 are denied

11. All allegations not specifically admitted are denied

**NINTH DEFENSE**

Defendants further aver that any injuries sustained by plaintiffs resulted from their own fault, carelessness, misconduct, or inattention to duty and negligence, for which defendants are not liable, or from the fault, misconduct, carelessness, or inattention to duty or negligence of others for whose fault defendants are not liable.

**TENTH DEFENSE**

Further, in the alternative, defendants aver that if plaintiffs' injuries were caused or contributed to by the fault, or negligence of defendants or by MV MOSCOW RIVER, which is denied, then, in that event, defendants aver that said injuries were contributed to by the fault, misconduct, carelessness, or the inattention to duty of plaintiffs, which defendants specifically plead in mitigation of any recovery.

**ELEVENTH DEFENSE**

Defendants further aver that if plaintiffs are now suffering from any injury, illness, or disability, then said injury, illness, or disability pre-existed the alleged incident and/or is the natural progression of a condition which pre-existed the alleged incident.

**TWELFTH DEFENSE**

Defendants reserve their right to supplement and amend this answer as further investigation and discovery may require.

WHEREFORE, defendants Novoship (UK) Ltd., Canyon Maritime Corp., and Assuranceforeningen Gard, pray that after due proceedings had, there be judgment in their favor, dismissing the complaint with costs. Defendants further pray for all such other and further relief in the premises as in law or in justice they may be entitled to receive.

New Orleans, Louisiana, this 24th day of May, 2007.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   /s/David B. Lawton
David B. Lawton, LA Bar #08149
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

ATTORNEYS FOR DEFENDANTS,
NOVOSHIP (UK) LTD., CANYON MARITIME
CORP., AND ASSURANCEFORENINGEN
GARD

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2007 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following

Scott A. Decker, Esq. – scott@deckerlawfirm.com

/s/David B. Lawton
DAVID B. LAWTON

5

NO.99785688.1