UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**JOSEPH T. FALL et al.**                          **CIVIL ACTION**

**VERSUS**                                          **NO. 07-2991**

**NOVOSHIP (UK) LTD., et al.**                     **SECTION "T"(4)**

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiffs, Joseph T. Fall and Matthew P. Johnson [Rec. Doc. No. 4], in which they claim that the negligence of defendants, Novoship Ltd., et al, resulted in physical and mental injury. The plaintiffs aver that complete diversity does not exist because even if the party that destroys complete diversity is improperly joined, the plaintiffs' individual claims are less than the required $75,000 for removal. The defendants oppose the motion, arguing that the non-diverse defendant was improperly joined and that the quantum for cases involving similar injuries is sufficient to meet the diversity jurisdiction monetary requirement. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule. For the following reasons, the Motion to Remand is denied.

**I.     Background**

This action arises out of injuries sustained by the plaintiff-longshoremen during ship mooring operations. On April 30, 2004, the M/V Moscow River, a crude oil tanker, was docking at the Ergon-St. James Dock on the Mississippi River in St. James Parish, Louisiana, where plaintiffs were employed by Cooper/T. Smith.[1] While the plaintiffs were attempting to secure the mooring line for docking, the line snapped and struck them, resulting in injury.[2]

On April 26 2007, the plaintiffs, both of whom are Louisiana residents, filed suit in the 23rd Judicial District for the Parish of St. James against defendants Novoship Ltd. ("Novoship") and Canyon Maritime Corp. ("Canyon") of the United Kingdom; Mid-Gulf Shipping Co. ("Mid-Gulf"), a Louisiana corporation; the M/V Moscow River, operating under the flag of Liberia; and Assuranceforeningen GARD of Norway. The plaintiffs aver that the M/V Moscow is owned or operated by Novoship, Canyon, and Mid-Gulf.[3] The plaintiffs' state court claims asserted that the defendants failed to use reasonable care in the maintenance of the equipment of the M/V Moscow River and failed to observe safety protocols for mooring operations.[4]

On May 23, 2007, the defendants filed a Notice of Removal to this Court based on diversity jurisdiction. The defendants assert that Canyon is the sole owner of the vessel,[5] and

---

[1] Rec. Doc. No. 1-3, p. 3.

[2] *Id.*

[3] *Id.*, p. 4.

[4] *Id.*, p. 4-6.

[5] Rec. Doc. No. 2, p. 6.

have included the affidavit of Eric Toft, the President of Mid-Gulf, stating that Mid-Gulf is a husbanding agent and does not own or have any involvement in the mooring operations of the vessel.[6] The defendants assert that Mid-Gulf was improperly joined to defeat diversity jurisdiction.[7] Plaintiffs filed this Motion to Remand on June 20, 2007, arguing that Mid-Gulf was properly joined, but even if it was not, that the plaintiffs' individual claims do not exceed $75,000.[8] The plaintiffs attached a letter from plaintiffs' counsel stipulating this ceiling for damages.[9] The defendants responded that the quantum for claims similar to those made in the plaintiffs' state claims exceed the $75,000 necessary for diversity jurisdiction.[10] The plaintiffs maintain that the damages sought are for three to four months of recovery despite their state claims of "severe and disabling" injuries.[11]

## II.   Law and Analysis

### A.   Diversity

An action regarding a general maritime claim by plaintiff-longshoremen does not, by itself, provide a basis for federal question jurisdiction. The Supreme Court has held such claims

---

[6] Rec. Doc. No. 1-2.

[7] Rec. Doc. No. 5, p. 1.

[8] Rec. Doc. No. 4-2, p. 4.

[9] Rec. Doc. No. 4-3.

[10] Rec. Doc. No. 5, p. 4-7.

[11] Rec. Doc. No. 10, p. 2.

do not "arise under" federal law under 28 U.S.C. 1331.[12]  Accordingly, the current action must satisfy an independent basis such as diversity jurisdiction to be admitted into federal court.

The plaintiffs' state court pleadings assert that the non-diverse defendant Mid-Gulf was either an owner or operator of the M/V Moscow River.  The defendants' attached affidavit by Mid-Gulf's president states that the company "does now crew any of the ships and it is not involved in any manner with the ship operations," "does not employ anyone on the ships," and that it "does not inspect the ships for safety purposes or otherwise."[13]  Mid-Gulf is involved in coordinating with ships that enter the dock, but it's involvement is limited to arranging the schedule and specifics of loading operations and paper work submissions to U.S. Customs and the Department of Homeland Security.  The plaintiffs have not contested the affidavit; it stands as the authoritative description of Mid-Gulf's involvement in operations on vessels at the dock.

Rule 19(a) of the Federal Rules of Civil Procedure states that a party is properly joined "if in the [party's] absence complete relief cannot be accorded among those already parties," or, the party's absence will "impair or impede the [party's] ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." F.R.C.P. 19(a).  Any liability stemming from the incidents that gave rise to the plaintiffs' injuries would be a consistent obligation of those entities that "owned and/or operated"[14] the vessel.   Mid-Gulf does not own, operate, or have any interest in

---

[12] *See, Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959).

[13] Rec. Doc. No. 1-2, p.2.

[14] Rec. Doc. No. 1-3, p. 4.

4

the M/V Moscow River, as the plaintiffs alleged; the entities that do have such an interest are already parties to the suit.  Accordingly,  it is the decision of the Court that Mid-Gulf was improperly joined as a defendant.

### B. Amount in controversy

The required $75,000 in controversy to establish diversity jurisdiction under 28 U.S.C. 1332 is the central issue addressed by both parties' briefs.  The plaintiffs' state court pleadings allege that the accident suffered by the plaintiffs resulted in "severe and disabling injuries to their body and mind."[15]  The petitioners aver that the defendants are liable for a "non-exclusive list of damages," including medical expenses, physical, mental, and emotion pain and suffering (past, present, and future), aggravation, inconvenience, loss of enjoyment of life, temporary and permanent disabilities, both functional and anatomical.[16]  The plaintiffs now submit that each of their individual claims do not exceed $75,000 and plaintiffs' counsel has offered to make a written stipulation to that effect.

Louisiana plaintiffs are barred under most circumstances from specifying a monetary amount of damages in their state court petitions.  However, a party seeking to remove a case from Louisiana state court based on diversity may establish the prerequisite monetary amount "by demonstrating that it is *facially apparent* from the petition that the claim likely exceeds $75,000 or by setting forth the facts in controversy-preferably in the removal petition, but

---

[15] Rec. Doc. No. 1-3, p. 3.

[16] *Id.* at. 6-7.

sometimes by affidavit-that support a finding of the requisite amount."[17]  In order for this Court to grant the current motion, "[i]t must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount."[18]  While a plaintiff may fulfill the legal certainty test by filing an affidavit or stipulation along with the initial state court claims, the defendants assert that any subsequent filings attempting to modify the claim or amount in controversy are "irrelevant."  However, the Fifth Circuit has held that post-removal affidavits sometimes can be relevant where the jurisdictional amount in question is unresolved, and the letter from plaintiffs' counsel has been considered by the Court.[19]

Nevertheless, the quantum for cases involving similar injuries to those alleged by plaintiffs in their state court petition reveal it to be facially apparent that such claims are likely to exceed $75,000.  Claims that allege "serious" physical, emotional, and mental pain,[20] or progressive and disabling injuries[21] have been held to meet this standard.  While the letter by plaintiffs' counsel offers to stipulate a lesser amount, the claims set forth by the plaintiffs in their state court petition rise to the requisite level.

---

[17] *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993), *accord*, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis added).

[18] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added), *accord*, *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

[19] *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A. ("ANPAC")*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994).

[20] *See e.g., James v. Home Depot USA*, No. 02-01008, 2002 WL 1453824 (E.D.La Jul 3, 2002)

[21] *See e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

Accordingly**, IT IS ORDERED** that the Motion for Remand by plaintiffs be **DENIED** due to the improper joinder of the sole non-diverse defendant and because it is facially apparent that the plaintiffs' claims may exceed the $75,000 necessary for diversity jurisdiction.

New Orleans, Louisiana, this 26th day of July, 2007.

 _____
 **G. THOMAS PORTEOUS, JR.**
 **UNITED STATES DISTRICT JUDGE**